UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| CORDELL AVANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 23-cv-1245 |
| | ) | |
| KWAME RAOUL, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff, proceeding pro se under 42 U.S.C. § 1983, presently incarcerated at McCreary United States Penitentiary in Pine Knot Kentucky, seeks release from custody.

A. <u>Merit Review</u>

The case is before the Court for a merit review of Plaintiff's amended complaint. The Court must "screen" Plaintiff's complaint, and through such process identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief

that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff seeks to sue the Illinois Attorney General as well as IDOC and Prison Review Board members regarding his assertion that he should be released from the federal prison where he is being held. Plaintiff asserts that he should have been released on parole instead of remanded to Bureau of Prisons custody, but that due to Illinois officials' wrongful actions that did not occur.

Allegations of detention past a prisoner's release date can state Eighth Amendment and Fourteenth Amendment claims. *E.g.*, *Wells v. Caudill*, 967 F.3d 598, 601 (7th Cir. 2020); *Figgs v. Dawson*, 829 F.3d 895, 902 (7th Cir. 2016) ("Incarceration beyond the date when a person is entitled to be released violates the Eighth Amendment if it is the product of deliberate indifference.").

However, Plaintiff cannot obtain his release from custody in a § 1983 lawsuit. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) ("when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *Simpson v. Nickel*, 450 F.3d 303, 307 (7th Cir. 2006) ("[A]ny challenge to the fact or duration of custody must proceed under § 2254 or an equivalent statute. … Only after the custody is over may the prisoner use § 1983 to seek damages against persons who may have been responsible; indeed, the § 1983 claim does not accrue until the custody ends."); *Huber v. Anderson*, 909 F.3d 201, 207 (7th Cir. 2018) ("[A]ny section 1983 action challenging the

fact or length of confinement does not accrue until the underlying confinement has been invalidated through a direct appeal, post-conviction relief, or some other means.").

Plaintiff's action is thus dismissed for failure to state a cognizable claim for relief.

B. Motion to Request Counsel

The Court undertakes an initial two-part inquiry: (1) whether the plaintiff made a reasonable attempt to obtain counsel or has been effectively precluded from doing so, and, if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir 2007). After this analysis, the court is "permitted to consider the strength or weakness of a plaintiff's claim," and "the recruitment of counsel is unwarranted if the plaintiff's 'chances of success are extremely slim.'" *Watts v. Kidman*, 42 F.4th 755, 760 (7th Cir. 2022).

Plaintiff appears to have made a reasonable attempt to secure counsel on his own without assistance from the Court.

However, the Court declines to search for volunteer counsel for Plaintiff here. Plaintiff has clearly articulated his claims and appears competent to present them. And because his claim is, at this point, meritless appointment of counsel would be futile.

IT IS THEREFORE ORDERED:

1. Motion to Request Counsel [4], [9] is DENIED.

2. Plaintiff's Motion for Preliminary Injunction [5] is DENIED.

3. Plaintiff's complaint, and this lawsuit, are dismissed without prejudice for failure to state a cognizable claim. Fed. R. Civ. Pro. 12(b)(6); 28 U.S.C. § 1915A. The Court finds further amendment at this time would be futile. Plaintiff may replead, or may move to reinstate this lawsuit, once he is no longer in custody. Plaintiff must be mindful of any statute of limitations

issues; specifically, if Plaintiff fails to renew his complaint within two years from his release from custody, his case will be time barred.

4. The Clerk is directed to enter judgment in favor of Defendants and against Plaintiff.

5. If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis MUST identify the issues Plaintiff wishes to present on appeal, to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v Edwards*, 164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose…has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.

6. Entered this 5th day of September, 2023.

*s/Michael M. Mihm*
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE
